IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY JACKSON SEELEY,

    Plaintiff,                    No. CIV S-06-2794 MCE CMK P

    vs.

C. YOUNGBLOOD, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action against defendants. On October 20, 2005, plaintiff commenced this civil action in California State Court. He filed an amended complaint to include defendant K. Wann and the California Medical Facility on July 25, 2006. (Doc. 2, Ex. A.) Both defendant Wann and defendant Youngblood were served with the state action. On December 8, 2006, defendants removed this action to federal court pursuant to 28 U.S.C. § 1441(b) and paid the filing fee.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

1         Plaintiff's complaint alleges that, while he was incarcerated at California Medical
2  Facility (CMF), he was placed in Administrative Segregation (Ad Seg) for an investigation of
3  allegations that plaintiff was going to use a weapon against other inmates.  After he was placed
4  in Ad Seg, defendant Youngblood conducted a search of plaintiff's personal property in his cell.
5  Among plaintiff's property was a box containing plaintiff's religious artifacts, including some
6  ceremonial stones.  Plaintiff states that a chrono was taped to the box, which identified the
7  enclosed items as religious artifacts and clearly stated that the items should not be considered
8  part of the hobby program.
9         Plaintiff avers that defendant Youngblood mislabeled the items on his inventory
10 sheet as "hobby items."  When plaintiff was released from Ad Seg, he discovered that the box of
11 ceremonial stones, a beard trimmer, and an alarm clock were missing from his personal items.
12 Plaintiff asserts that defendant Wann was the officer in charge of the property storage where the
13 personal property items would have been stored.  Plaintiff alleges that defendant Wann informed
14 plaintiff that he had searched plaintiff's personal property while it was in storage and had
15 confiscated some of plaintiff's property that defendant Wann considered to be contraband.
16 Plaintiff believes the disposed of items included his ceremonial stones.
17        Plaintiff alleges that defendants Youngblood and Wann violated his First, Fourth,
18 Fifth, Eighth, and Fourteenth Amendment rights and various state law violations.  He also asserts
19 that defendants violated his rights as provided for in the Religious Land Use and
20 Institutionalized Persons Act (RLUIPA).  Plaintiff's allegations against defendant CMF appear
21 to stem from a failure to properly train its staff.
22        Plaintiff's complaint states a cognizable claim for relief pursuant to 42 U.S.C. §
23 1983 against defendant Youngblood and defendant Wann for violations of his First, Fifth,
24 Fourth, Eighth and Fourteenth Amendment rights.
25 ///
26 ///

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphar Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc). The California Medical Facility is immune from suit under the Eleventh Amendment. The court will recommend that this unserved defendant[1] be dismissed in separate filed findings and recommendations.

Since Plaintiff's complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendant Youngblood and defendant Wann, the court will order defendants to file an answer to this complaint within twenty days of the date this order is filed.

The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Circuit Court of Appeals. An appropriate form for consent to trial by a magistrate judge is attached. Any party choosing to consent may complete the form and return it to the clerk of this court. Neither the magistrate judge nor the district judge handling the case will be notified of the filing of a consent form unless all parties to the action have consented.

///

///

---

[1] Doc 2 at 2 n. 1.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants shall reply to the complaint within twenty days from the date this order is filed.

2. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m). Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion. Opposition to all other motions need be filed only as directed by the court.

3. If plaintiff is released from prison at any time during the pendency of this case, any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule 78-230(m). In the absence of a court order granting such a request, the provisions of Local Rule 78-230(m) will govern all motions described in #5 above regardless of plaintiff's custodial status. See Local Rule 1-102(d).

4. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure. Such a motion is a request for dismissal of unexhausted claims without prejudice. The defendant may submit affidavits or declarations under penalty of perjury and admissible documentation to support the motion to dismiss. To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documentation. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations by other persons who have personal knowledge of relevant matters. Plaintiff may also rely upon written records, but plaintiff must prove that the

1 records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence
2 with admissible evidence, the court may rely on the defendant's evidence.  In the event both
3 sides submit matters outside the pleadings, the court may look beyond the pleadings and decide
4 disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the
5 court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the
6 defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's
7 unexhausted claims will be dismissed without prejudice.

8        5.  Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),
9 cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988),
10 plaintiff is advised of the following requirements for opposing a motion for summary judgment
11 made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion
12 is a request for an order for judgment in favor of defendants without trial.  A defendant's motion
13 for summary judgment will set forth the facts that the defendants contend are not reasonably
14 subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary
15 judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of
16 the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the
17 complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and
18 plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.
19 Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that
20 plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must
21 have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but
22 plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon
23 all or any part of the transcript of one or more depositions, answers to interrogatories, or
24 admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence
25 with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as
26 the truth and the defendants' motion for summary judgment granted.  If there is some good

reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

6. A motion or opposition supported by unsigned affidavits or declarations will be stricken.

7. Each party shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Pursuant to Local Rule 83-182(d), service of documents at the record address of a party is fully effective. Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

8. The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

9. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. Fed. R. Civ. P. 11; Local Rule 11-110.

DATED: January 24, 2007.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE